IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY DEAN SHARRAH                                                                   PETITIONER

V.                              Civil No. 2:21-cv-02128-PKH-MEF

RON BROWN, Sheriff of
Crawford County, Arkansas                                                            RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1). The Respondent has not been directed to file a response and none is necessary. The matter is ready for Report and Recommendation.

**I.     BACKGROUND**

Petitioner, Ricky Dean Sharrah ("Sharrah"), filed his current *pro se* Petition on August 4, 2021. (ECF No. 1). This is Sharrah's second such petition since June 23, 2021.[1]

Sharrah is a pretrial detainee being held in the Crawford County Justice Center in Van Buren, Arkansas. (*Id*., p. 1). The Petition concerns his state criminal cases, *State of Arkansas v. Ricky Sharrah*, Case Nos. 17CR-20-985, 986, 999, 1000, 1001 and Case No. 17CR-2021-162.[2] In Case No. 17CR-20-985, Sharrah is charged with Terroristic Threatening – 1st Degree. In Case No. 17CR-20-986, Sharrah is charged with Simultaneous Possession of Drugs and Firearms, Possession of Methamphetamine, Possession of Drug Paraphernalia, and Resisting Arrest. In Case No. 17CR-20-999, Sharrah is charged with Terroristic Threatening – 1st Degree and Violation of

---

[1] On June 23, 2021, Sharrah filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in this Court in Case No. 2:21-cv-02115. A Magistrate Judge's Report and Recommendation was filed on July 8, 2021, recommending dismissal pursuant to the *Younger* abstention doctrine. (ECF No. 3). Sharrah filed objections. (ECF No. 4). An Order adopting the Magistrate Judge's Report and Recommendation in full and dismissing that action was entered on July 21, 2021. (ECF No. 5).
[2] Sharrah provides a partial list of case numbers in his current Petition. (ECF No. 1, p. 2). The Court located Sharrah's state court case information on caseinfo.arcourts.gov. (Last accessed on August 6, 2021.)

a Protection Order. In Case Nos. 17CR-20-1000 and 1001, Sharrah is charged with two more counts of Violation of a Protection Order. In Case No. 17CR-21-162, Sharrah is charged with Possession of Methamphetamine with Purpose to Deliver, Possession of Drug Paraphernalia, Battery in the Second Degree on a Law Enforcement Officer and Absconding. The Hon. Randy Wright has been assigned to preside over these cases.[3] All of these cases have been scheduled for a status and inquiry as to counsel hearing on Thursday, August 19, 2021, at 2:00 p.m.

Sharrah's current Petition asserts four grounds for relief. First, he alleges a violation of Constitutional due process, stating: "I am being held without having caused injury per the common law. I am being denied a common law court. I am being denied a common law bail (gold and silver coin). I am being held without a common law warrant or grand jury indictment. I am being held without being informed as to the common law nature and cause of the accusation." (ECF No. 1, p. 6). Second, he alleges that he is being "warred against" by the State of Arkansas, Crawford County and its officers, officials, and agents, stating that "[i]t is the common practice of the foregoing to practice high crimes, treason and deprivation of rights under color of law," and "to violate their oaths of office." (*Id*.). Third, Sharrah claims to be "a foreign minister of the Royal Kingdom of Heaven," which "is recognized by both of the freedom of religion clauses of the United States and State of Arkansas Constitution," and "only the supreme court of the United States has original juri[s]diction (sic)[,] [n]ot the State of Arkansas or any other court." (*Id*.). Fourth, he claims that the State of Arkansas "has no interest," stating further, "I am not contracted to the copyrighted UCC, copyrighted Arkansas Code Annotated[,] [n]or any other contract admiralty or otherwise[,]" and "there exists no ratification of commencement." (*Id*., p. 7). In other words, Sharrah's current Petition essentially repackages and realleges the sovereign citizen

---

[3] Judge Wright was assigned to Case Nos. 17CR-20-985, 986, 1000 and 1001 by Orders entered on June 8, 2021. Judge Wright was assigned to Case Nos. 17CR-20-999 and 17CR-21-162 by Orders entered on June 11, 2021.

twaddle he asserted in his previous case. For relief, Sharrah requests his immediate release. (*Id.* at 7).

## II. LEGAL STANDARD

Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial detainees challenging the legitimacy of pending state litigation must pursue relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Rojas Hernandez v. Paget*, 2016 WL 7404742, * 2 (D. Minn. Nov. 10, 2016) ("Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees."). "Before obtaining habeas relief, however, the petitioner must not only be in custody but also have exhausted his state remedies." *Rojas Hernandez*, *supra*. (citing *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

## III. ANALYSIS

Sharrah's Petition raises issues that may be resolved by trial or other state process and, as such, his claims are barred by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when: "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3)

3

that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief") (internal quotations omitted)).

At the time Sharrah's current Petition was filed on August 4, 2021, there were ongoing state judicial proceedings pending, which implicated the important state interest of enforcing state criminal laws, and those pending state criminal proceedings afford Sharrah an adequate opportunity to raise the constitutional and jurisdictional questions he presents. His allegations all concern his pending state criminal cases, and his challenge of the Arkansas state courts to exercise jurisdiction over him. Pursuant to *Younger*, this Court is required to abstain from hearing the matter, leaving Sharrah to first pursue his constitutional and jurisdictional claims in his state criminal cases.

## IV.   CONCLUSION

Accordingly, it is recommended that Sharrah's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of August 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE